UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **CASPER C. PEETE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Case No. 11-2242** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

Petitioner, Casper C. Peete, filed a Motion to Vacate, Set Aside or Correct Sentence (#1) Pursuant to 28 U.S.C. § 2255 on October 11, 2011. For the following reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DISMISSED for lack of jurisdiction.

**BACKGROUND**

Petitioner entered a guilty plea on September 11, 2003, to two counts of distributing cocaine base ("crack") in violation of 21 U.S.C. § 841. On December 22, 2003, the court sentenced Petitioner to a term of 151 months imprisonment in the Federal Bureau of Prisons. On December 23, 2003, this court entered its written judgment. Petitioner did not pursue a timely direct appeal, and his time to file an appeal expired on January 2, 2004. On December 21, 2004, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, in Case No. 04-CV-2286, in which Petitioner argued, among other things, that he should not have been classified as a career criminal for sentencing purposes because he was never convicted of aggravated battery with a firearm. This court dismissed his petition

on April 4, 2005, finding that Petitioner knowingly and voluntarily waived his right to file a collateral attack and that he had not provided this court with any basis for not enforcing the waiver. On November 8, 2005, the Seventh Circuit Court of Appeals denied a certificate of appealability because it found no substantial showing of the denial of a constitutional right.

On January 11, 2008, Petitioner filed a Pro Se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582(c)(2). Petitioner again argued he was not a career offender and this court had improperly sentenced him as such in 2003. On October 2, 2008, this court found Petitioner's arguments unpersuasive and his claims without merit. Petitioner's Pro Se Motions for Reduction in Sentence were denied, and the Seventh Circuit affirmed this court's judgment on February 2, 2009. On January 11, 2010, Petitioner filed a Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure arguing that he was improperly classified as a career offender at sentencing. On January 19, 2010, this court dismissed the Rule 60(b) motion for lack of jurisdiction after finding that it was a successive motion and the Petitioner had not obtained permission from the Seventh Circuit to file the motion. After Petitioner filed an appeal, the Seventh Circuit characterized the notice of appeal as a request for a certificate of appealability, which it denied because it was an unauthorized successive collateral attack. On October 11, 2011, Petitioner filed this current Motion to Vacate, Set Aside or Correct Sentence (#1) Pursuant to 28 U.S.C. § 2255. On November 9, 2011, Respondent filed a Motion to Dismiss for Lack of Jurisdiction (#7).

## ANALYSIS

Before filing a second or successive motion under 28 U.S.C. § 2255, the motion:

> must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). There is no dispute in this case that Petitioner failed to seek, or obtain, prior approval from the Seventh Circuit as required by Section 2255 before filing this motion. Therefore, this Court lacks jurisdiction and must dismiss Petitioner's motion. See, e.g., United States v. Boyd, 591 F.3d 953, 957 (7th Cir. 2010) ("A district court has no jurisdiction to entertain a successive section 2255 motion without the consent of the court of appeals . . . .").

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss for Lack of Jurisdiction (#7) is GRANTED.

(2) Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DISMISSED for lack of jurisdiction.

(3) This case is terminated.

ENTERED this 12th day of December, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE