# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | | |
|---|---|---|
| **CASPER C. PEETE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 11-CV-2242 |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

This case is before the court for ruling on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (#27), Respondent's Motion to Dismiss for Lack of Jurisdiction (#32), and associated motions (#28, #29). The court has reviewed Petitioner's brief, the Government's brief, and the affiliated dockets. Following this careful review, Petitioner's Petition for Writ of Habeas Corpus (#27) is DENIED; Respondent's Motion to Dismiss (#32) is DENIED; Petitioner's Motion to Expedite (#28) is DENIED; and Petitioner's Motion for Leave to Proceed in forma pauperis (#29) is deemed MOOT.

## Background

Petitioner has been a federal prisoner since 2003, when he pled guilty to and was convicted of distribution of crack cocaine. (03-CR-20038 #1). During his incarceration, he has accumulated three different docket numbers and five attempts to collaterally attack his

conviction and sentence, despite a plea agreement that waived any right to appeal or collaterally attack his sentence. His present attempt, although perhaps more meritorious than his past ones, still fails.

On May 8, 2003, Petitioner was indicted in this court for three counts of distribution of cocaine base ("crack"). (03-CR-20038 #1). On September 11, 2003, Petitioner entered into a plea agreement, in which he pled guilty to two counts and provided substantial assistance, and the Government declined to pursue one count. (03-CR-20038 #9). Among other provisions, the plea agreement stated, in pertinent part, as follows:

> 30. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack.
>
> [ * * * ]
>
> Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement . . . the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.
>
> 31. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his

> rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement.

(03-CR-20038 #9 at 11-12). Petitioner was sentenced on December 22, 2003 (03-CR-20038, Text Order of December 22, 2003; #13, #14).

On December 21, 2004, Petitioner filed his first § 2255 motion (04-CV-2286 #1). This court dismissed the Motion on April 4, 2005, having found that Petitioner waived his right to collaterally attack his sentence (04-CV-2286 #8). On September 15, 2005, the Seventh Circuit denied a certificate of appealability. (04-CV-2286 #21, #22).

On February 12, 2007, Petitioner filed a Motion for Release Pursuant to Rule 60(B) (03-CR-20038, #28), which this court treated as a second habeas petition, *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and denied because Petitioner failed to seek authorization from the court of appeals (03-CR-20038, #30); 28 U.S.C. § 2255(h); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) ("Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request."). On August 31, 2007, the Seventh Circuit denied Petitioner's request for a certificate of appealability (03-CR-20038, #38).

On January 11, 2008, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), the 2007 Crack Cocaine Guideline Amendment (03-CR-20038, Text Order of January 25, 2008), based on the retroactive amendment to the Crack Cocaine Guidelines. On October 2, 2008, this court denied the motion (03-CR-20038, #48). On February 2, 2009, the Seventh Circuit affirmed this court's judgment. (03-CR-20038, #56).

On January 11, 2010, Petitioner filed another Motion for Relief Pursuant to Rule 60(b), arguing that he was improperly classified as a career offender at his sentencing. (03-CR-20038, #58). On January 19, 2010, this court dismissed the motion, construing it as a third successive habeas petition. (03-CR-20038, #59). On June 29, 2012, the Seventh Circuit denied Petitioner's request for a certificate of appealability (03-CR-20038, #65).

On October 11, 2011, Petitioner filed another Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1). This court found the motion to be a fourth successive § 2255 motion and dismissed for lack of jurisdiction (#12). On April 12, 2012, the Seventh Circuit denied a certificate of appealability (#26).

On October 18, 2012, Petitioner filed his present Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In his traditional manner, he also filed a "Pro Se Motion to Expedite 28 U.S.C. § 2241) (#28), and a motion for leave to proceed in forma pauperis (#29). On November 9, 2012, Respondent filed a Motion to Dismiss for Lack of Jurisdiction (#32).

**Analysis**

**I. Motion to Dismiss**

The Government, as Respondent, argues that this court must dismiss Petitioner's fifth petition for habeas for lack of jurisdiction as a successive motion that has not been certified by the Seventh Circuit. Had Petitioner left it at that, Respondent would have prevailed. Title 28, U.S.C. § 2255(h) requires, in pertinent part, as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner provides no certification that he sought and obtained approval from the Seventh Circuit before filing this motion. Nominally, then, this court should lack jurisdiction to consider Petitioner's fifth successive collateral attack. *United States v. Boyd*, 591 F.3d 953, 957 (7th Cir. 2010) ("A district court has no jurisdiction to entertain a successive section 2255 motion without the consent of the court of appeals . . . ."); *United States v. Canino*, 212 F.3d 383, 384 (7th Cir. 2000) (if the petitioner has filed prior collateral attack, the district court is "obliged to dismiss the application for want of jurisdiction").

However, Petitioner also filed a motion (#27), requesting this court to construe his motion as a 28 U.S.C. § 2241 petition for writ of habeas corpus. While this court is permitted—and has, in prior filings by Petitioner—to construe Rule 60(b) motions as § 2255 motions and thereby dismiss for lack of jurisdiction as a successive motion, " judges must respect the plaintiff's choice of statute to invoke—whether § 2241, § 2255, or 42 U.S.C. § 1983—and give the action the treatment appropriate under that law." *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). *See also Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) ("[A] § 2241 petition should not be re-characterized as a § 2255 motion because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law.") This court therefore cannot construe his § 2241 motion as a § 2255 motion, and therefore, is not

permitted to dismiss on the basis that it constitutes a second or successive § 2255 motion. This court nevertheless concludes that the Motion (#27) must be denied as waived.

**II. Petition for Writ of Habeas Corpus**

Regardless of the merits of Petitioner's claim, he cannot overcome his initial waiver of the right to collaterally attack his sentence. Petitioner argues, essentially, that he is entitled to a reduced sentence under § 2241 because: 1) he filed his first § 2255 motion in 2004; 2) his sentence was incorrectly enhanced in this court due to his prior violent felony conviction of Aggravated Battery with a Firearm; 3) his prior conviction was actually Aggravated Battery, not Aggravated Battery with a Firearm; and 4) *Begay v. United States*, 553 U.S. 137, 138 (2008), which changed the standard for sentence enhancement because it changed the classification of Aggravated Battery, removing it from the status of a "violent felony", was decided in 2008. Thus, Petitioner would satisfy the strictures of *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998), since the law changed since his first § 2255 motion; *Begay* is retroactively applicable on collateral review, *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010); the change would normally be barred as a successive § 2255 motion; and he was sentenced and incarcerated in the same district and circuit.

However, Petitioner's original plea agreement stated that he "knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255."

Further, his waiver applies even though the law has changed in the meantime. The Seventh Circuit has "consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009). In *McGraw*, the petitioner there tried to challenge his sentencing classification, arguing that fleeing from an officer and intimidating an officer are no longer crimes of violence after *Begay. Id.* at 630. The court concluded that "[b]y entering into an appeal waiver that did not include an escape hatch of the kind we contemplated in *Bownes,* [the defendant] relinquished his right to challenge his sentence based on intervening Supreme Court decisions." *Id*. at 631. The same must be true here, regardless of the distinction that *McGraw* was on direct appeal and the present motion is a collateral attack.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that jurists of reason would find it debatable whether his motion states a valid claim of the denial of a constitutional right and also must show that jurists of reason would find it debatable whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable that this court correctly found that Petitioner waived his right to collaterally attack his sentence.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Petition for Writ of Habeas Corpus (#27) is DENIED.

(2) Respondent's Motion to Dismiss (#32) is DENIED.

(3) Petitioner's Motion to Expedite (#28) is DENIED.

(4) Petitioner's Motion for Leave to Proceed in forma pauperis (#29) is deemed MOOT.

(5) A certificate of appealability is DENIED.

ENTERED this 18th day of March, 2013.

s/MICHAEL P. MCCUSKEY
UNITED STATES DISTRICT JUDGE