UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CASPER C. PEETE, | )<br>)<br>) |
| Petitioner, | ) Case No. 11-CV-2242<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | )<br>)<br>) |

**OPINION**

This case is before the court for ruling on Petitioner's Motion to Reconsider (#40) and Motion to Expedite (#46). The court has reviewed Petitioner's briefs and the Government's Response. Following this careful review, Petitioner's Motion to Reconsider (#40) and Motion to Expedite (#46) are DENIED.

**Background**

The factual background in this case has been fully described in this court's prior Opinion and will not be repeated here. (#37). On March 18, 2013, this court denied Petitioner's *pro se* § 2241 motion after declining to characterize it as a successive § 2255 motion. (#37). On March 21, 2013, Petitioner filed the present *pro se* Motion to Reconsider (#40). On March 22, 2013, this court requested the Government respond to Petitioner's Motion for Reconsideration, and to specifically address his arguments regarding *Narvaez v. United States*, 674 F.3d 621, 624 (7th

Cir. 2011), his allegation that his prior conviction of Aggravated Battery with a Firearm as listed in his pre-sentencing report was erroneous, and the status of his appeal and collateral attack waiver. (Text Order of March 22, 2013). On March 28, 2013, the Government filed its Response. (#41). On April 2, 2013, Petitioner filed his *pro se* Reply. (#42). On April 3, 9, and 12, of 2013, Petitioner filed three additional addenda. (#43, #44, #45). On May 29, 2013, Petitioner filed a *pro se* Motion to Expedite. (#46).

## Analysis

Petitioner's Motion (#40), read liberally, makes essentially one argument: This court should not allow his prior waiver of collateral attack to bar his § 2241, because his conviction of aggravated battery with a firearm was retroactively determined to not be a crime of violence under *Begay v. United States*, 553 U.S. 137 (2008), thereby causing his term of incarceration to be beyond the statutory maximum, and accordingly, his waiver of appeal in his plea agreement to be unenforceable as a fundamental miscarriage of justice under *United States v. Narvaez*, 674 F.3d 621 (7th Cir. 2011). Petitioner's arguments lack merit.

*Waiver of collateral attack and the miscarriage of justice doctrine*

The only reason that Petitioner's claim is not barred by 28 U.S.C. § 2255(h)'s requirement of certification for a successive claim is because he invoked § 2241. (#37 p. 5). However, Petitioner's § 2241 claim is still barred by his collateral attack waiver. In the present motion for reconsideration, Petitioner argues that *Narvaez v. United States*, 674 F.3d 621, 624 (7th Cir. 2011) holds that the misapplication of the career offender guidelines constitutes a

fundamental miscarriage of justice, and that *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998) permits a collateral attack waiver to be disregarded if there is a fundamental miscarriage of justice, thus allowing this court to reach the merits of his § 2241 petition.

An argument that a sentence enhancement was misapplied simply does not represent a fundamental miscarriage of justice such that a federal prisoner may collaterally attack his sentence pursuant to § 2241 following an unsuccessful § 2255. *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008). More specifically, Petitioner has misread both *Narvaez* and *In re Davenport* regarding waivers. Neither case, nor any other case law cited or that this court could find, holds that an appellate waiver or a waiver of collateral attack is unenforceable if a miscarriage of justice would otherwise occur. "The fundamental-miscarriage-of-justice exception applies only in the extremely rare and extraordinary case where the petitioner is actually innocent of the crime for which he is imprisoned." *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (internal quotation marks omitted). Petitioner does not claim that he is actually innocent of the crime for which he was convicted, but rather, that he was incorrectly categorized as a career offender. It is not a crime to be classified as a "career offender"; the classification is a sentencing enhancement.

To the extent that Petitioner asserts that a § 2241 motion "is not a collateral attack on his sentence", he is mistaken. *See, e.g., Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013) ("a collateral attack under § 2241 or § 2254 is not a 'civil action' for the purpose of § 1915."); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) ("he mounted a new collateral attack under the federal habeas corpus statute, 28 U.S.C. § 2241"). As the Government aptly points out, a waiver of collateral attack is specifically intended to foreclose future challenges, and if the law functioned as Petitioner asserts, a waiver of collateral attack would be rendered meaningless if it

only applied to non-meritorious claims. Therefore, this court affirms its prior decision that Petitioner's waiver is enforceable against him.

*"Escape hatch" provision to waiver of collateral attack in plea agreement*

Alternatively, Petitioner argues that his waiver is unenforceable because it contained an "escape hatch", which provides that he did not waive his right to collateral attack as long as the sentence was within the maximum provided in the statutes of conviction. Petitioner is correct; such a clause is functional if a defendant does in fact receive a sentence exceeding that provided by statute. *United States v. Gibson*, 356 F.3d 761, 765 (7th Cir. 2004). However, Petitioner did not receive a sentence exceeding that provided by statute, so the escape clause is inapplicable. Petitioner has misunderstood in his prior § 2255 filings and continues to misunderstand that his conviction was indeed for Aggravated Battery with a Firearm, despite any clerical errors that may have occurred in the process that were subsequently corrected. At sentencing, the parties stipulated to the PSR, which stated that "The Amended Information indicates that on November 5, 1992, the defendant, while committing Battery, caused injury to Tony Jermaine Rowls by means of discharging a firearm." (03-CR-20038, #11, ¶ 27). Petitioner did not object to that paragraph, either prior to sentencing or on direct appeal. This court was therefore entitled to rely on the PSR's summary of the petitioner's prior aggravated battery charge, which alleged that he caused injury to another person by discharging a firearm, in finding that the petitioner was a career offender. *United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010) ("There is no reason to go digging for a state-court indictment if the parties agree on what it says. The judge was entitled to assume that the parties agreed that the summary of the indictment was

accurate."). The Government notes, and Petitioner does not contest, that while Petitioner faced a sentencing range of 188 to 235 months as a career offender, he received a sentence of only 151 months based on his substantial assistance—thus making his sentence well below the guideline range, not above the statutory maximum.

To the extent that Petition argues that his plea agreement contained an "escape hatch" wherein he reserved the right to appeal his Career Offender status, while such a clause may be present in his right to *appeal*, no such reservation is present in his plea agreement relative to his right to *collateral attack*. Accordingly, this court affirms its prior decision that Petitioner's waiver is enforceable against him.

Because this court now rules on his Motion to Reconsider (#40), his Motion to Expedite (#46) is deemed MOOT.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Reconsider (#40) is DENIED.

(2) Petitioner's Motion to Expedite (#46) is deemed MOOT.

ENTERED this 24th day of June, 2013.

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE